United States District Court
District of Massachusetts

| | |
|---|---|
| Shawn Dickson,<br><br>      Plaintiff,<br><br>      v.<br><br>Buyers Products Company, et al.,<br><br>      Defendants. | Civil Action No.<br>24-10519-NMG |

**MEMORANDUM & ORDER**

GORTON, J.

This action arises out of alleged negligence, breach of warranty and violation of the Massachusetts Consumer Protection Act, M.G.L. c. 93A §§2, 11. Pending before this Court is the motion of plaintiff, Shawn Dickson ("plaintiff" or "Dickson"), to remand this action to the Massachusetts Superior Court. For the reasons that follow, plaintiff's motion to remand will be allowed.

I. **Background**

In June, 2021, plaintiff, a Massachusetts resident, rented a trailer from defendant William Pierce ("Pierce"). While at a jobsite in Plymouth, Massachusetts, plaintiff hitched the trailer to the back of his truck using a 45-Ton pintle hitch (a circular hitch used to couple trailers to vehicles) manufactured by defendant Buyers Products Co. ("Buyers Products"). Plaintiff

- 1 -

then began to operate a Leeboy 1000D paver manufactured by defendant VT Leeboy Inc. ("Leeboy"). While backing the paver onto the trailer, the hitch allegedly failed, causing the dislocation of the equipment and severe injuries to plaintiff.

In November, 2023, plaintiff filed suit against Buyers Products, Leeboy and Pierce in the Massachusetts Superior Court for Plymouth County, alleging: 1) negligence, 2) breach of warranty and 3) violation of the Massachusetts Consumer Protection Act. Plaintiff served process on defendants Buyers Products and Leeboy on February 12 and 13, 2022.

After plaintiff incurred difficulty in serving process on defendant Pierce, the Massachusetts Superior Court granted him an additional 60 days to effectuate service. Plaintiff asserts that he did so by leaving a summons and a copy of the complaint at Pierce's last known address in Middleboro, Massachusetts, on March 12, 2024. Before plaintiff was able to do so, however, defendants Buyers Products and Leeboy removed the case to this Court based upon diversity of citizenship under 28 U.S.C. §1332(a). Plaintiff now moves to remand.

## II. Legal Standard

When an action is removed to federal court, a plaintiff is entitled to remand the case to state court if 1) the federal court lacks original jurisdiction or 2) the method of removal under 28 U.S.C. §1441 was improper. Gentile v. Biogen Idec,

Inc., 934 F. Supp. 2d 313, 316 (D. Mass. 2013). If the Court lacks original jurisdiction over a case, it must be remanded. 28 U.S.C. §1441(a). Even where the Court otherwise has original jurisdiction, an exception arises in cases where, as here, the court's original jurisdiction is based upon diversity of citizenship. See 28 U.S.C. §1332(a). Commonly known as the "forum defendant rule," this exception requires diversity cases to be remanded to state court if any party who has been "properly joined and served" as a defendant is a citizen of the forum state in which the case was brought. 28 U.S.C. §1441(b).

## III. Analysis

In this case, plaintiff, who is domiciled in Massachusetts, argues that remand is warranted because Pierce is a citizen of Massachusetts and, therefore, this Court lacks diversity jurisdiction. Defendants rejoin that (1) the forum defendant rule does not apply because plaintiff did not effectively serve process on defendant Pierce and (2) there is no evidence to establish that Pierce is domiciled in Massachusetts. The Court will therefore address both issues.

### A. Forum Defendant Rule

The application of forum defendant rule and the meaning of "property joined and served" language in §1441(b) has sharply divided federal courts, especially in cases where, as here, there are multiple defendants from different jurisdictions. In

the absence of guidance from the First Circuit Court of Appeals, the leading case in this district is <u>Gentile</u> which concluded that a plaintiff who brings suit in state court and seeks to join a forum defendant

> face[s] the modest burden of serving that defendant before any others. If a plaintiff serves a non-forum defendant before serving a forum defendant, he has effectively chosen to waive an objection to the removal by a nimble non-forum defendant who thereafter removes the case before service upon a forum defendant named in the complaint.

<u>Id</u>. Other sessions of this Court have uniformly accepted the understanding of §1441 articulated in <u>Gentile</u>. See <u>Adams v. Beacon Hill Staffing Grp., LLC</u>, No. CV 15-CV-11827-ADB, 2015 WL 6182468, at *2 (D. Mass. Oct. 21, 2015) ("[T]he district courts have been inconsistent in their treatment of this situation."); see, e.g., <u>Sandler v. R.J. Reynolds Tobacco Co.</u>, No. 22-CV-10379-ADB, 2022 WL 17417623, at *1 (D. Mass. Dec. 5, 2022); <u>DaSilva v. Germany</u>, 514 F. Supp. 3d 393, 397 (D. Mass. 2021).

Here, plaintiff has not met his "modest burden" sufficient to invoke the forum defendant rule and compel remand. He asserts that defendant Pierce is a resident of the forum state, Massachusetts, and that he properly joined and served Pierce as a defendant at Pierce's last known address in Middleboro. Even assuming that were true, however, plaintiff has not established that he served defendant Pierce <u>first</u>, as required to compel remand under <u>Gentile</u>. See 934 F. Supp. 2d at 316 (placing burden

on plaintiff to serve forum defendant "before any other"). Instead, plaintiff served defendants Buyers Products and Leeboy in February, 2022, defendants removed the case and then plaintiff purportedly served defendant Pierce in March, 2022. There is therefore no dispute that plaintiff served the non-forum defendants, Buyers Products and Leeboy, <u>before</u> he served the forum defendant, Pierce. Accordingly, the forum defendant rule does not prevent removal in this case and is not a viable ground to compel remand. See <u>Adams</u>, 2015 WL 6182468, *10 (D. Mass., Oct. 21, 2015) ("If the non-forum defendant is served before the forum defendant, the non-forum defendant may remove.").

### B. Diversity Jurisdiction

Although the forum defendant rule does not apply in this case, the absence of diversity jurisdiction presents an independent ground for remand for the Court to consider. See <u>In re Fresenius Granuflo/Naturalyte Dialysate Prods. Liab. Litig.</u>, 76 F. Supp. 3d 321, 326 (D. Mass. 2015) (recognizing forum defendant rule as independent ground for remand); accord <u>EMC Corp.</u> v. <u>Chevedden</u>, 4 F. Supp. 3d 330, 333 (D. Mass. 2014) (recognizing that subject matter jurisdiction as a threshold issue). When the validity of diversity jurisdiction is in question, the burden is on the removing parties, here Buyers

Products and Leeboy, to show that this Court has jurisdiction. Therrien v. Hamilton, 881 F. Supp. 76, 78 (D. Mass. 1995).

For the Court to exercise diversity jurisdiction, there must be complete diversity of citizenship such that no plaintiff is a citizen of the same state as any defendant. 28 U.S.C. §1332(a); Alvarez-Torres v. Ryder Memorial Hosp., Inc., 582 F.3d 47, 53-54 (1st Cir. 2009). A person's citizenship, or domicile, requires both his "physical presence in a state" and an "intent to make such state [his] home." Rodriguez-Diaz v. Sierra-Martinez, 853 F.2d 1027, 1029 (1st Cir. 1988). Any doubt as to diversity is "construed in favor of remand" because federal courts have an inherent "responsibility to police" their limited jurisdiction. Spielman v. Genzyme Corp., 251 F.3d 1, 4 (1st Cir. 2001); see Spooner v. EEN, Inc., 644 F.3d 62, 67 (1st Cir. 2011).

Here, Dickson claims that complete diversity of citizenship is lacking because both he and Pierce are domiciled in Massachusetts. Plaintiff asserts that he located Pierce's last known place of residence in Middleboro, Massachusetts. Plaintiff has also provided an affidavit attesting to the fact that Pierce, through his personal social media account and his business website, has confirmed his residence in Massachusetts.

Defendants, Buyers Products and Leeboy, dispute that claim and argue that there is no evidence in the record demonstrating

that Pierce is domiciled in Massachusetts. The burden is on the removing defendants, however, to offer sufficient evidence indicating that diversity of citizenship has been established, see Therrien, 881 F. Supp. at 78, and their effort has, admittedly, proved inconclusive. They failed to produce evidence of Pierce's presence or intent to be domiciled in some state other than Massachusetts. See Spielman, 251 F.3d at 4; Alvarez-Torres, 582 F.3d at 53-54. Absent such evidence, this Court will not presume that it has jurisdiction. See Alshrafi v. Am. Airlines, Inc., 321 F. Supp. 2d 150, 154 (D. Mass. 2004) (finding lack of diversity jurisdiction where removing party failed to "provide th[e] Court with any evidence of [defendant's true] domicile").

Defendants, Buyers Products and Leeboy, also contend that remand is unwarranted because plaintiff has failed to effect service of process on Pierce. Any claim regarding the efficacy of service is, however, material only to the application of forum defendant rule, not to the question of whether the Court has original jurisdiction based upon diversity of citizenship. See Barrett v. H & R Block, Inc., 652 F. Supp. 2d 104, 116 n.10 (D. Mass. 2009) (declining to reach argument regarding service after determining court lacked diversity jurisdiction); accord Lapkin v. AVCO Corp. ex rel. KS Gleitlager USA, No. 3:11-CV-3424-L, 2012 WL 1977318, at *3 (N.D. Tex. May 31, 2012)

("Whether service of process occurred is quite beside the point to determine diversity."). Any doubt as to complete diversity is construed in favor of remand. See Spielman, 251 F.3d at 4.

Finally, Buyers Products and Leeboy assert that they have at least made a "colorable claim" of diversity jurisdiction and should thus be afforded jurisdictional discovery to determine Pierce's true domicile. This Court declines to exercise its "broad discretion" to allow such discovery here. See United States v. Swiss Am. Bank, Ltd., 274 F.3d 610, 625-27 (1st Cir. 2001). The general claim that Pierce does not reside in Massachusetts is insufficient to warrant jurisdictional discovery. See Barrett, 652 F. Supp. 2d at 116 (declining "general request" for jurisdictional discovery because it offered no indication that the party's true domicile would be found if discovery were permitted (citing Swiss Am. Bank, Ltd., 274 F.3d at 626)). The case will therefore be remanded to the Massachusetts Superior Court for Plymouth County.

ORDER

For the foregoing reasons, the motion of the plaintiff, Shawn Dickson, to remand (Docket No. 10) is **ALLOWED** and this case will be remanded to the Massachusetts Superior Court for Plymouth County.

**So ordered.**

_/s/ Nathaniel M. Gorton_
Nathaniel M. Gorton
United States District Judge

Dated: February 20, 2025